Case 2:19-cv-00365   Document 16   Filed on 06/01/20 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DOMINIC GUERRA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-365 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Dominic Guerra, is a state prisoner incarcerated at the Telford Unit in New Boston, TX. (D.E. 1). Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2016 San Patricio County convictions for aggravated sexual assault of a child. (D.E. 1). Pending is Respondent's Motion for Summary Judgment filed on April 9, 2020. (D.E. 14). Petitioner filed a letter with the Court on May 18, 2020, which the undersigned construes as a response to the pending motion. (D.E. 15). For the reasons stated below, it is respectfully recommended that the Court **GRANT** Respondent's Motion for Summary Judgment and **DISMISS** this action as time barred. The undersigned further recommends the Court **DENY** a Certificate of Appealability.

**I.     JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where

petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas. *Id.*; 28 U.S.C. § 124(b)(6).

## II.   BACKGROUND[1]

On March 24, 2016, Petitioner pleaded guilty to two counts of aggravated sexual assault of a child. (D.E. 12-1, Pages 23-25). Petitioner was advised in open court and in writing the consequences of his plea. (D.E. 12-1, Pages 12-14, 15-22). Subsequently, Petitioner was sentenced to eight years of confinement on each count with sentences to run concurrently. (D.E. 12-1, Pages 23-25). On April 22, 2016, a Motion to Reconsider was heard, and Petitioner was placed on community supervision and deferred adjudication for a period of ten years. (D.E. 12-1, Pages 14-20, 23-25, 27-31 and D.E. 12-2, Pages 3-5). After the State filed a Motion to Revoke and Petitioner pleaded true to the allegations, Petitioner was sentenced to fourteen years' incarceration on each count with sentences to run concurrently and a fine of $2,000.00 on January 20, 2017. (D.E. 12-2, Pages 15-19 and 20-22). Petitioner did not pursue an appeal. (D.E. 1, Page 3 and D.E. 12-2, Page 31). On September 24, 2018, Petitioner filed his state writ of habeas corpus which was denied without written order by the Texas Court of Criminal Appeals on December 19, 2018. (D.E. 12-1, Page 3, D.E. 12-2, Page 29, and D.E. 12-3, Pages 12-

---

[1] In future cases, Assistant Attorney General Deanna Vella must comply with this Court's orders by citing to docket entry numbers rather than the state court clerk's records. (D.E. 8, Page 3). Any future filings in cases before the undersigned that do not comply will be struck.

13). On November 25, 2019, Petitioner filed the pending federal habeas petition. (D.E. 1, Page 10).

### III. RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred. The undersigned agrees. Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one-year statute of limitations period runs from the latest of four alternative dates:

> (A) the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner properly files for state post-conviction writ review. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not appeal his April 22, 2016 judgment and therefore, it became final on May 23, 2016 when the deadline to appeal expired. *See* Tex. R. App. Proc. 26.2(a)(1) (2012) (thirty days to seek review after the day a sentence is imposed or trial court enters an appealable order); *See also Tharpe v. Thaler*, 628 F.3d 719, 722-23 (5th Cir. 2010) (holding AEDPA's statute of limitations begin to run on an order of deferred adjudication on the date of conclusion of a direct review or an expiration of seeking that review); *Caldwell v. Dretke*, 429 F.3d 521, 529-30 (5th Cir. 2005) (holding that an order of deferred adjudication is a final judgment for purposes of § 2244(d)(1)(A)). The Court heard a motion to reconsider on April 22, 2016, and ultimately imposed a sentence of ten-years' community supervision with deferred adjudication. (D.E. 12-2, Page 3). Therefore, Petitioner had until May 23, 2016, to seek review of this judgment and did not do so. As such, Petitioner's judgment became final and he had one year, until May 23, 2017, to timely file a federal application for habeas corpus relief. Petitioner's state habeas application was filed on September 24, 2018,[2] well after the limitations period ended. (D.E. 12-3, Page 13); *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one-year period "did not statutorily toll the limitation clock"). Petitioner filed the pending federal habeas petition on November 25, 2019, over two years too late. 28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis*

---

[2] Petitioner signed two dates on his application, September 24, 2018 and then October 16, 2018. (D.E. 12-3, Pages 12-13). Both dates were well after the limitations period ended.

*v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Umana v. Davis*, No. 18-20127, 2019 WL 5106366, at *2-3 (5th Cir. Oct. 11, 2019). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling"). (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Petitioner does not allege any reasons to support and suggest equitable tolling applies. Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying over two years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the

limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Petitioner asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period. However, it is respectfully recommended that Petitioner fails to meet the actual innocence standard. Petitioner alleges that there was a lack of DNA evidence or physical bruising on the victim's anus. Petitioner's own argument that "[m]y DNA (semen) was found in Victim's vagina, NONE in victim's anus," does not advance his cause. (D.E. 1, Page 6). Petitioner further claims inconsistencies exist between the witness and victim's account of the incident, and these are "false witness testimonies." (D.E. 1, Page 7 and D.E. 15). Lastly, Petitioner concludes this is in "violation of [his] constitutional rights." (D.E. 1, Page 9).

Petitioner provides no evidence or additional information in support of his claim of actual innocence. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (other citations omitted). However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citation omitted).

The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless

6 / 10

he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner's assertion of a lack of DNA in the victim's anus or other physical evidence near the anus and possible inconsistent statements does not satisfy the demanding actual innocent standard. He does not provide any new sufficient evidence in support of his claims other than his own conclusory allegations. Even if Petitioner had provided support for these conclusory allegations, he has failed to demonstrate that no juror would have voted to find him guilty in light of the other evidence that would have been introduced at trial including his DNA being found inside the victim's vagina as well as witness and victim testimony. (D.E. 1, Pages 6-7). Additionally, Petitioner also pleaded guilty to these offenses after stating in open court that he was guilty on both counts. (D.E. 12-1, Pages 18-22, 23-25 and 12-2, Pages 3-5). Therefore, it is respectfully recommended that the Court find Petitioner fails to meet the actual innocence standard.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Petitioner filed a notice of appeal on May 18, 2020, and it is respectfully recommended that this court address whether he would be entitled to a certificate of appealability ("COA"). (D.E. 15). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court

has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that the Court find his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied, it is further recommended that the Court find the Petitioners request for a COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 14) and **DISMISS** this case as time barred. It is further recommended that the Court **DENY** a certificate of appealability.

ORDERED this 1st day of June 2020.

_____
Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).